UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELVIN C. THOMPSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-1922-SNLJ |
| SS ADMINISTRATIVE OFFICE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kelvin C. Thompson[1] for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it

---

[1] This case is one of many cases that plaintiff has filed in this Court since July 11, 2019: *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ (filed Jul. 24, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Cool Valley Police Department*, No. 4:19-CV-2309-JAR (filed Aug. 6, 2019); *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019); and *Thompson v. Federal Bureau of Investigation*, No. 4:19-cv-2355-SNLJ (filed Aug. 15, 2019).

does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 328. While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if it finds the allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

**The Complaint**

Plaintiff brings this action against "SS Administrative Office." He filed a complaint, followed by numerous supplemental documents. In the complaint, he invokes this Court's federal question jurisdiction, and writes: "civil rights violated to fair and just treatment, Federal Stealing of federal funds, wire fraud, Impersonating Federal Employee." In supplemental documents, he indicates an intent to proceed pursuant to Title VI of the Civil Rights Act of 1964, 34 U.S.C. § 10228, the Americans with Disabilities Act, the Rehabilitation Act, and 18 U.S.C. §§ 241, 242 and 245.

In setting forth his allegations, he writes:

On June 3, 2019, July 3, 2019, July 5, 2019, July 9, 2019 and July 10th, 2019 at Social Security Administration located at 1215 Fern Ridge Suite 100, Creve Coeur 63141. Allow individuals to impersonate federal employees and violate my civil rights to fair treatment and service, these individuals (impersonating

2

> social security employees) also wired my funds to fraudulent accounts and/or stole my funds. One employee who gave me a printed in office check #6742400233 in the amount of $999.00 dated Jun 7, 2019 named Darlene Harrison was one of the culprits I know by name.

In a supplemental document, plaintiff states he visited another Social Security Administration office and "they still are conspiring against me and violating my civil rights to receive my Federal protected activities." He states they told him his funds would be mailed to him and the update would be reflected in the system, but they never made the request. In another supplemental document, plaintiff states he was refused services and not allowed to meet with a supervisor. He writes: "These workers and people impersonating SSA employees need to be fired, reprimanded and imprisoned. One or several of the workers are also conspiring together and are wire transferring my federal entitlement to their own personal accounts."

As relief, plaintiff seeks monetary damages, and he states he wants all of the people involved to be fired, fined and arrested.

**Discussion**

Plaintiff states his claims arise under various federal laws. However, none are availing. Plaintiff does not allege he suffers from a disability, nor does he set forth non-conclusory allegations that he is a member of a protected class or that the defendant purposefully and intentionally discriminated against him because of his race, color or national origin. Therefore, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and 34 U.S.C. § 10228 are unavailing. Additionally, plaintiff does not allege, nor does it appear, that he exhausted his administrative remedies, as required before bringing a claim under 34 U.S.C. § 10228. Sections 241-242 and 245 of Title 18 are criminal statutes that provide no basis for a private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241 . . ."); *Cok v. Cosentino*, 876 F.2d

1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action). Additionally, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff has named "SS Administrative Office" as defendant in this matter. This may be a reference to the location of the Social Security office that plaintiff visited. However, it is not apparent that "SS Administrative Office" is actually a legal entity with the capacity to be sued. To the extent plaintiff can be understood to bring this action against the United States Social Security Administration ("SSA"), his claims are barred by the doctrine of sovereign immunity. An action brought against a federal agency like the SSA is essentially one brought against the United States. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 112 (8th Cir. 2000). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. *United States v. King*, 395 U.S. 1, 4 (1969).

A limited waiver of sovereign immunity permitting review of the denial of social security disability exists in 42 U.S.C. § 405(g). In relevant part, that statute provides: "Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . ."). Here, plaintiff does not allege, nor is it apparent, that he intends to challenge a final decision of the Commissioner of

4

Social Security. Instead, he attempts to bring claims against the SSA for compensatory and punitive damages, and to have SSA employees fired, fined and arrested. Plaintiff has not demonstrated waiver of sovereign immunity relative to such claims.

This action is also subject to dismissal because plaintiff's factual allegations are frivolous and fail to state a plausible claim for relief. As described above, plaintiff's claims are based upon allegations that individuals impersonated social security workers and conspired to commit crimes, deny him services and steal his benefits. These allegations are "clearly baseless" as defined in *Denton*, 504 U.S. 25. Plaintiff's allegations are also the sort of "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678.

For all of the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE